**Jesus RONDAN, Plaintiff–Appellant,**

v.

**William S. HALTER,\* Defendant–Appellee.**

**No. 99–56152.**
**D.C. CV–97–05083 RSWL (RZ).**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2001.

Decided April 20, 2001.

Before ARCHER,\*\* TROTT, and SILVERMAN, Circuit Judges.

MEMORANDUM \*\*\*

Jesus Rondan appeals the district court's decision affirming the Commissioner of Social Security's denial of Social Security disability benefits. We have juris-

---

\* William S. Halter, is substituted for his predecessor, Kenneth S. Apfel, as Commissioner of the Social Security Administration.

\*\* The Honorable Glenn L. Archer, Jr., Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

diction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

We review de novo the decision of the district court affirming the decision of the Commissioner and will affirm the Commissioner if the decision is supported by substantial evidence and the Commissioner applied the correct legal standards. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.1999).

Rondan argues that the ALJ failed to fully and fairly develop the record because he did not use a medical expert to interpret medical evidence. We agree. An ALJ in social security cases has a duty to fully and fairly develop the record and to assure that the claimant's interests are considered. *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir.2001); *DeLorme v. Sullivan,* 924 F.2d 841, 849 (9th Cir. 1991); 20 C.F.R. § 404.1512(d) (2000). Because Rondan had no counsel, the ALJ should have been especially diligent. *Tonapetyan,* 242 F.3d at 1150. Rondan demonstrated that he was unable to do his past relevant work because he suffers from emphysema, vascular disease and a bad back. The burden then shifted to the Commissioner to prove that Rondan had the residual functional capacity to do other kinds of work that existed in substantial numbers in the national economy. 20 C.F.R. § 404.1520 (2000).

The Commissioner referred Rondan to a doctor who determined that Rondan had the residual functional capacity (RFC) for light work. *See* 20 C.F.R. § 404.1567(b) (2000). However, the physician was not Rondan's treating physician and he did not have access to Rondan's medical records when he made the assessment. Rondan had MRIs in 1994 and 1995. The ALJ was aware that Rondan had undergone two MRIs, but the results of those tests had not been taken into account by the doctor who rendered the opinion on RFC. Instead of requesting a supplemental medical opinion that included consideration of the MRIs, the ALJ drew his own conclusions about the MRIs. The lack of a medical opinion that included consideration of the MRIs, and the fact that the RFC determination was made without consideration of Rondan's medical records, triggered the ALJ's duty to further develop the record. *Tonapetyan,* 242 F.3d at 1150. The ALJ should have ordered another RFC examination by a doctor who not only would examine Rondan, but also consider his medical records and the MRIs. Because the administrative record was not fully developed, and in light of the favorable new evidence produced by Rondan (the opinion of a doctor who *had* examined the MRIs), remand for a new hearing is warranted.

REVERSED AND REMANDED.